NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGO LOPEZ-CARRILLO,

Petitioner,

v.

MERRICK B. GARLAND, U.S. Attorney
General,

Respondent.

No. 21-742

Agency No.     A208-305-953

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**
Pasadena, California

Before: BRESS and MENDOZA, Circuit Judges, and ERICKSEN,*** District
Judge.

Rodrigo Lopez Carrillo (Carrillo), a native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

dismissing his appeal from an Immigration Judge (IJ) order denying his

applications for asylum, withholding of removal, and protection under the

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Joan N. Ericksen, United States District Judge for
the District of Minnesota, sitting by designation.

Convention Against Torture (CAT). We review the BIA's decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, a petitioner has the burden to demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Sharma*, 9 F.4th at 1059. To obtain relief, the petitioner must show that his past or feared persecution bears a nexus to a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–48 (9th Cir. 2021). For asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, there is a nexus if the petitioner shows that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Here, substantial evidence supports the BIA's determination that Carrillo had not met the nexus requirement. There is no evidence that the gangs knew of

2

any anti-gang political opinion that Carrillo may have held. Thus, substantial evidence supports the BIA's conclusion that Carrillo had not established a nexus between any alleged persecution and an imputed political opinion. *Singh v. Holder*, 764 F.3d 1153, 1159 ("To demonstrate a nexus between [petitioner's] mistreatment and an imputed political opinion, [petitioner] must show (1) that . . . his persecutors believed that he held . . . a political opinion; and (2) that he was harmed because of that political opinion." (citation and quotation marks omitted)).

Substantial evidence supports the BIA's determination that Carrillo's other claimed bases for persecution lacked the required nexus. The BIA could conclude that Carrillo presented insufficient evidence suggesting that he was targeted because of his family membership. The record does not compel the conclusion that the gangs knew Carrillo and his cousin were related, nor does it indicate that the people who approached his mother were motivated by any familial ties. Similarly, as the BIA noted, there was insufficient evidence that the gangs persecuted Carrillo on the basis of his reports to the police. Thus, the record does not compel the conclusion that there was a nexus between Carrillo's proposed social group of "witnesses who testify against gang members" and any alleged persecution.

2.     Substantial evidence supports the denial of CAT relief. An applicant for CAT relief bears the burden of establishing that he "will more likely than not be tortured with the consent or acquiescence of a public official

if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Here, substantial evidence supports the BIA's determination that Carrillo had not met that burden when his fear of torture was based only on general police weakness, corruption, and gang violence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The record does not compel the opposite conclusion.

**PETITION DENIED.**